# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALESHA DAVIS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| THE RELIANCE STANDARD LIFE INSURANCE COMPANY | : | NO. 08-786 |

## MEMORANDUM OPINION

**Goldberg, J.**                                                                                   May 11, 2010

As Plaintiff's substantive claims in this ERISA case have already been settled by the parties, the only issue before the Court is whether Plaintiff is entitled to attorney's fees under 29 U.S.C. § 1132(g). After considering the factors set forth by Third Circuit precedent, attorney's fees and costs will not be awarded because we cannot properly determine whether Defendant was culpable or acted in bad faith nor can we discern the relative merits of the parties' positions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2008, Plaintiff, Alesha Davis, filed an amended complaint, raising claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and state law.[1] The amended complaint alleged the following:

Plaintiff was employed at Option Care, Inc., as a nurse beginning in June 2003. At that time, she purchased short and long term disability insurance from Defendant, The Reliance Standard Life Insurance Company. On March 3, 2005, Plaintiff became totally disabled and stopped working. On

---

[1] Plaintiff's amended complaint alleged: a claim under ERISA (Count I); breach of contract (Count II); breach of warranty (Count III); bad faith (Count IV); violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count V); breach of fiduciary duty (Count VI); fraudulent misrepresentations (Count VII); and a claim for punitive damages (Count VIII).

1

March 9, 2005, she filed a claim for disability. Defendant approved the claim and began paying short term benefits, however these benefits were stopped prematurely in July 2005. After repeated requests by Plaintiff, Defendant subsequently paid out the remaining short terms benefits. On June 8, 2006, Plaintiff was approved for long term benefits, however Defendant reduced these benefits after 5 months, in anticipation of Plaintiff's upcoming Social Security eligibility. In May 2007, the long term benefits were discontinued based on a lack of necessary medical information, however Plaintiff claims that the appropriate medical information was eventually provided. (See generally, Am. Compl.).

On May 12, 2008, Defendant filed a motion to dismiss, arguing that Plaintiff's claims under the short term disability policy were governed by ERISA, and therefore her state law claims were preempted. On December 12, 2008, we found that Defendant's motion was more properly viewed as a motion for summary judgment, and thus, we denied the motion without prejudice.

On September 4, 2009, the parties met with Magistrate Judge L. Felipe Restrepo for a settlement conference.[2] The parties agreed to settle the case for the sum of five thousand dollars ($5,000.00), however Plaintiff reserved her right to seek attorney's fees under ERISA.

The parties disagree as to the significance of the $5,000.00 settlement. Plaintiff argues that, after having received full, short term disability benefits, she was entitled to $3,627.75 of unpaid long term disability benefits. Thus, according to Plaintiff, the final settlement exceeded the total amount of unpaid benefits by more than 27%. (Pl.'s Mot., pp. 3-4). Defendant counters that the $5,000.00

---

[2]A settlement conference with Judge Restrepo was first scheduled for July 8, 2009. Plaintiff's counsel failed to appear for this conference, and a sanctions hearing was held on July 16, 2009, though no sanctions were imposed. The settlement conference was rescheduled for September 4, 2009, however Plaintiff's counsel appeared without his client, in contravention of Judge Restrepo's policy.

settlement was a "nuisance value." Defendant cites to the amended complaint which alleges conditions that could have caused total disability and would have made Plaintiff eligible for over $300,000.00 in benefits. (Def.'s Resp., p. 5). Defendant further points out that Plaintiff has ignored the numerous state law claims that she brought related to the short term disability benefits.

On October 5, 2009, Plaintiff moved for attorney's fees and costs under 29 U.S.C. § 1132(g).[3] In doing so, Plaintiff never requested a hearing or an opportunity to supplement the record before this Court.

## II. LEGAL ANALYSIS

"ERISA allows a prevailing party to recover 'a reasonable attorney's fee and costs of action.'" Hahnemann University Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008) (quoting 29 U.S.C. § 1132(g)(1)).[4] Before awarding attorney's fees or costs, a court must consider the five factors announced in Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). Those five (5) factors are: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position[s]." Id.

---

[3] Plaintiff requests attorney's fees in the amount of $62,065.00 and $350.00 in costs. (Plaintiff's Mot., pp. 11-12).

[4] Defendant argues that only prevailing parties are entitled to attorney's fees pursuant to ERISA under Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598 (2001) and that Plaintiff is not a prevailing party. However, Buckhannon involved an award of attorney's fees under the FHAA, 42 U.S.C. § 3613(c)(2), and the ADA, 42 U.S.C. § 12205, not ERISA. The FHAA and ADA contain "prevailing party" language in the provisions for attorneys' fees, as opposed to ERISA, which does not contain "prevailing party" language. The Fourth Circuit has applied Buckhannon to ERISA cases, but the Third Circuit and other circuits have not mandated that only prevailing parties are entitled to fees. See Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d 440, 454 (4th Cir. 2004); see also Gibbs v. Gibbs, 210 F.3d 491, 501-503 (5th Cir. 2000). We need not address whether Plaintiff was a prevailing party, because even if she was, we ultimately conclude that Plaintiff is not entitled to attorney's fees and costs under the factors listed below.

It is not necessary that a "party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir. 2004). The Third Circuit considers analysis and consideration of each of these five factors to be mandatory, but allows the district court to consider additional factors if relevant. Anthuis v. Colt Industries Operating Corp., 971 F.2d 999, 1012 (citing Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980) and requiring "a specification of factors, a reasoning calculus, and a weighing and balancing of interests"). We consider each factor in turn.

**1. The Offending Parties' Culpability or Bad Faith**

The information of record is insufficient for us to determine whether Defendant acted with culpability or bad faith. Bad faith typically refers to an ulterior motive or a sinister purpose. McPherson v. Employees' Pension Plan of American Re-Insurance Co., 33 F.3d 253, 256 (3d Cir. 1994). Culpability is "commonly understood to mean conduct that is 'blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault . . . . Such conduct normally involves something more than simple negligence . . . . [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose." Id. at 256-257 (quoting Black's Law Dictionary (6th ed. 1990)).

Plaintiff argues that "the Record in this matter is replete with example after example of culpable conduct and breaches of Defendant's duties to its insured." (Pl.'s Mot., p. 7). In particular, Plaintiff claims that there is no medical evidence that contradicts Plaintiff's disability and that Defendant acted with culpability or bad faith by reducing and suspending the disability benefits. Defendant responds by attributing the suspension of disability benefits to Plaintiff's failure to

4

provide medical information. Particularly with regard to the long term benefits, Defendant claims to have repeatedly requested updated medical records from Plaintiff's counsel in the fall of 2006 into 2007, however Defendant never received the requested information, thus the benefits were discontinued. (Def.'s Resp., pp. 3-4).

The record before us is limited to: the original and amended complaint; Defendant's motion to dismiss and the response thereto; Plaintiff's motion to compel, filed on June 25, 2009, and the response thereto;[5] and the submissions regarding the instant motion for attorney's fees. Thus, the record consists of little more than allegations and arguments. As such, there remain issues of fact, particularly regarding the propriety of Defendant's suspension of disability payments for Plaintiff's failure to respond with medical information. Rather than have these disputed facts resolved by the Court, Plaintiff chose to settle this matter. Therefore, this Court is unable to find culpability or bad faith by Defendant, and this factor does not favor granting Plaintiff's motion.

**2. The Ability of the Offending Parties to Satisfy an Award of Attorney's Fees**

As to this second factor, there is no dispute that Defendant could satisfy an award of attorney's fees and costs. Therefore, this factor weighs in favor of granting Plaintiff's motion.

**3. The Deterrent Effect of an Award of Attorney's Fees**

Given our inability to determine Defendant's culpability, an award would not act as a deterrent. The objectives of ERISA are furthered if a fee award is employed to deter culpable or bad faith behavior. See McPherson, 33 F.3d at 258 (citing Kahn v. Keystone Resources, Inc., 575 F.Supp. 1084, 1096-1097 (W.D. Pa. 1983) (holding that a fee has a deterrent effect where culpability

---

[5] Plaintiff actually filed two motions to compel, however the first motion was withdrawn one day after it was filed.

has been shown and a plan is less likely to deny benefits to other participants)). We have already declined to make a finding that Defendant acted in bad faith or with culpability when it suspended Plaintiff's benefits. Without a determination that Defendant was culpable, we find that an award of attorney's fees would not act as a deterrent, and thus, this factor weighs against granting the motion.

### 4. The Benefit Conferred on Members of the Pension Plan as a Whole

The fourth factor regrading the benefit conferred upon other members of Plaintiff's class, also does not weight in favor of awarding fees. Application of this factor assumes that Defendant has acted in some way to harm Plaintiff's class, which is not present here. Furthermore, Plaintiff concedes that other employees who purchased disability insurance from Defendant will not receive any direct financial benefit. (Pl.'s Mot., p. 9).

### 5. The Relative Merits of the Parties' Positions

As with the first factor, this Court is not in a position to determine with sufficient clarity the merits of the parties' positions. As stated above, the parties have consistently argued that the other side is to blame for the suspension and interruption of Plaintiff's disability benefits. Plaintiff, however, decided to settle and resolve these disputes, and thus, the merits of her claims were not reached. Without a more fully developed factual record on which to make findings, this Court simply cannot determine the merits of each parties' position. Therefore, this factor does not weigh in favor of awarding attorney's fees.

## III. CONCLUSION

As the only Ursic factor weighing squarely in favor of granting Plaintiff's motion is Defendant's ability to pay, we decline to exercise our discretion under 29 U.S.C. § 1132(g) and Plaintiff's motion for attorney's fees is denied. Our Order follows.